# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

AARON MILLER,
ADC #163252                                                                                    PLAINTIFF

5:18CV00146-JM-JTK

KRANK, et al.                                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Aaron Miller is a state inmate incarcerated at the Ouachita River Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging denial of adequate medical care and treatment by fifteen separate Defendants. (Doc. No. 2) All Defendants except Amanda King were dismissed on September 6, 2018. (Doc. No. 15)

Pending before the Court are Defendant King's Motion for Judgment on the Pleadings, or alternatively, Motion for Summary Judgment on the issue of exhaustion, Brief in Support, and Statement of Facts (Doc. Nos. 30-32), to which Plaintiff responded (Doc. Nos. 36, 41). The Court construes Defendant's Motion as a Motion for Summary Judgment.

### II.   Facts

According to Plaintiff's second Amended Complaint, an outside physician in Little Rock, Arkansas, told him he needed pain management therapy. (Doc. No. 12, p. 5) However, Defendant King "would not even try to help me and kept stating that pain management would be denied."

2

(Id.)

### III.     Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

At issue in Defendant's Motion is whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 32-1, pp. 3-20), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Defendant presents the Declaration of Shelly Byers, Medical Grievance Coordinator for the ADC, who states that the grievance process requires an inmate to first file an informal resolution within fifteen days after the occurrence of the incident, and to be specific as to the substance of the issue, including the date, place, and personnel involved. (Doc. No. 32-1, p. 1) If

3

the inmate is not satisfied with the informal resolution, he may file a formal grievance. (Id., pp. 1-2) Grievances of a medical nature are forwarded to appropriate medical personnel for a response, and if the inmate is dissatisfied with that response, he may appeal to the Deputy Director. (Id., p. 2) After reviewing Plaintiff's grievance records, Ms. Byers found that Plaintiff did not file, appeal and exhaust any medical grievances prior to November 28, 2018. (Id.) Based on this evidence, Defendant states Plaintiff's complaint against her should be dismissed.

In Response, Plaintiff submits copies of a grievance he filed, and further states he did not receive a reply to his informal grievance until after he filed the formal grievance. (Doc. No. 36) He also states he exhausted all his resources and that the grievances he submitted disappeared in the system as if they were never filed. (Doc. No. 41)

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229

4

F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

In this case, the grievance papers submitted by Plaintiff consist of an informal resolution and formal grievance, but no response from medical personnel and no appeal to the deputy director. The response at the informal level indicated that Plaintiff failed to timely file his grievance within fifteen days of the incident and directed him to submit a sick call for further medical evaluation. (Doc. No. 36, p. 2) In addition, the grievances Plaintiff submitted did not mention or refer to Defendant King by name or position, as required by the ADC grievance policy. (Id., pp. 2-3; Doc. Nos. 41, pp. 4-6) Therefore, given the proof submitted by both parties, the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to his allegation against Defendant King.

### IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Judgment on the Pleadings, or in the alternative, for Summary Judgment, which this Court construes as a Motion for Summary Judgment (Doc. No. 30) be GRANTED, and Plaintiff's Complaint be DISMISSED without prejudice.

5

IT IS SO RECOMMENDED this 20th day of March, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE